IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 11-09378 |
| | ) | |
| CAROLYNNE A. BARTOLINI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date:** April 8, 2015 |
| | ) | **Hearing Time:** 10:30 a.m. |
| | ) | **Room No.:** 742 |

## COVER SHEET FOR FIRST AND FINAL APPLICATION OF FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES

Name of Applicant: FrankGecker, LLP

Authorized to Provide Professional Services to: Frances F. Gecker, Chapter 7 Trustee of the Estate of CAROLYNNE A. BARTOLINI

Period for Which Compensation is Sought: April 21, 2011 through January 30, 2015

Amount of Fees Sought: $ 2,060.00

Amount of Expense Reimbursement Sought: $ 17.28

This is a: First and Final Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{BARTOLIN/001/00041486.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 11-09378 |
| | ) | |
| CAROLYNNE A. BARTOLINI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date:  **April 8, 2015** |
| | ) | Hearing Time:  **10:30 a.m.** |
| | ) | Room No.:          **742** |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **April 8, 2015**, at **10:30 a.m.**, we shall appear before the Honorable Carol A. Doyle, or such other judge as may be sitting in her stead, in Courtroom 742 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **First and Final Application of FrankGecker LLP as Counsel to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of CAROLYNNE A. BARTOLINI, for Compensation and Reimbursement of Expenses.**

Dated: March 6, 2015

Respectfully submitted,

FRANCES GECKER, not individually but as
Chapter 7 Trustee of the bankruptcy estate of
CAROLYNNE A. BARTOLINI

By: __/s/ _Reed Heiligman_____
One of her attorneys

Reed Heiligman (IL ARDC #6294312)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
rheiligman@fgllp.com

{BARTOLIN/001/00041486.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 11-09378 |
| | ) | |
| CAROLYNNE A. BARTOLINI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |

### FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF CAROLYNNE A. BARTOLINI FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

FrankGecker LLP, counsel to Frances Gecker, the Chapter 7 Trustee (the "Trustee"), of the estate of CAROLYNNE A. BARTOLINI, (the "Debtor"), hereby submits this first and final fee application (the "Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) seeking compensation totaling $2,060.00 for legal services performed as counsel to the Trustee during the period of April 21, 2011 through and including January 31, 2015 (the "Application Period") and reimbursement of expenses totaling $17.28 incurred in connection with those services. In support of the Application, FrankGecker LLP respectfully represents as follows:

### INTRODUCTION

1. On March 7, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division on March 7, 2011 (the "Petition Date").

2. Frances Gecker ("Trustee") is the duly appointed Chapter 7 Trustee of this Case.

3. A meeting of the Debtor's creditors was convened pursuant to Section 341 of the Bankruptcy Code (the "341 Meeting") on April 21, 2011.

{BARTOLIN/001/00041486.DOC/}

4. The Trustee chose FrankGecker LLP ("FG") as her counsel in the Case and on May 19, 2011, this Court entered an order authorizing the Trustee to retain FG as her counsel retroactive to April 21, 2011.

5. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

6. The assets of this case recovered by the Trustee consisted of the sale of right, title and interest in Debtor's vehicle to the Debtor for $5,250.00.

7. On Schedule A of the bankruptcy petition, the Debtor had listed an interest in real estate located at 50509 Maple Road, Marcellus, Michigan, 49067 (the "Real Estate").

8. The Debtor owned the Real Estate in joint tenancy with Dominik Bartolini, the Debtor's ex-husband, and Christopher and Dawn Bartolini (together, the "Co-Owners"), giving the Debtor a one-third interest in the Real Estate which was free and clear of any liens or encumbrances.

9. Pursuant to approval by this Court, the Trustee listed the Real Estate for several years with no offers.

10. Upon further investigation, the Trustee discovered that the Real Estate was of little value and was "swampy" and "not buildable" and worth, at best, $5,000.00, which would only net the estate $1,666.67.

11. The Debtor scheduled a homestead exemption in the amount of $2,000.00. Consequently, given the costs of the real estate broker's commission, the homestead exemption and other closing costs, the Trustee decided to abandon the Real Estate.

12. This Application seeks allowance of all fees and expenses incurred by FG from April 21, 2011 through and including January 30, 2015. To aid the Court in its review of this

Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

## I.   SERVICES PERFORMED

**A.   Retention of Professionals/Fee Applications                           $467.50**

FrankGecker spent 1.60 hours at a cost of $467.50 on issues relating to drafting, filing and appearing in court to employ Trustee's counsel and real estate broker.

**B.   Sale of Assets                                                        $1,592.50**

FrankGecker spent 4.90 hours at a cost of $1,592.50 on issues relating to the preparation and filing of Trustee's motions to approve sale of Debtor's vehicle and Real Estate and appearing in Court regarding the same.

## II.   ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

Zane L. Zielinski (ZLZ) was an associate at FrankGecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

William G. Cross (WC) was an associate at FrankGecker LLP. Mr. Cross is a 2009 graduate of Loyola University Chicago School of Law. Mr. Cross specializes in bankruptcy law and has represented trustees and creditors in bankruptcy cases.

III. **CALCULATION OF TIME AND FEES**

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses of FG. This fee application applies to fees and expenses incurred by FG from April 21, 2011 through and including January 30, 2015. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtor's estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, FG's attorneys and paralegal have spent a total of 6.50 hours providing necessary legal services for the Trustee. As a result, they request compensation in the amount of $2,060.00 for actual, necessary legal services performed (Exhibit A). The average hourly rate is $316.92. In addition, FG has expended the sum of $17.28 for actual necessary expenses incurred in representing the Trustee. FG has voluntarily written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FrankGecker LLP on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one

attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached Exhibit A. For purposes of this Application, counsel has used two categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A.      Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of $2,060.00;

B.      Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of $17.28; and

{BARTOLIN/001/00041486.DOC/}                    5

    C.    Authorizing the Trustee to pay FrankGecker LLP compensation and expense reimbursement in the total amount of $2,077.28.

Dated: March 6, 2015　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　FRANCES GECKER, not individually but as
　　　　　　　　　　　　　　　　　　　　　　Chapter 7 Trustee of the bankruptcy estate of
　　　　　　　　　　　　　　　　　　　　　　CAROLYNNE A. BARTOLINI

　　　　　　　　　　　　　　　　　　　　　　By:　*/s/ Reed Heiligman*
　　　　　　　　　　　　　　　　　　　　　　　　　One of her attorneys

Reed Heiligman (IL ARDC #6294312)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
rheiligman@fgllp.com